## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |
|---|---|
| SHARON HOOKS, | CASE NO. 3:22-CV-01062-DAC |
| Plaintiff, | MAGISTRATE JUDGE DARRELL A. CLAY |
| vs. | **ORDER GRANTING DEFENDANT WAFFLE HOUSE'S MOTION FOR SUMMARY JUDGMENT** |
| WAFFLE HOUSE UNIT 1544, *et al*, | [ECF #20] |
| Defendants, | |

### INTRODUCTION

Plaintiff Sharon Hooks brought this action against Defendants Waffle House, Unit 1544 and Waffle House, Inc. (collectively, Waffle House). (ECF #1-2). Ms. Hooks alleged that on April 25, 2021, she slipped and fell on a wet floor and sustained injuries in a Waffle House restroom. (*Id.* at ¶¶ 5-9). Her claim is based on a theory of negligence – that Waffle House breached its duty to exercise ordinary or reasonable care in maintaining the premises in a reasonably safe condition. (*Id.* at ¶¶ 13-16). Initially, this claim was filed in the Court of Common Pleas of Lucas County, Ohio; Waffle House removed the case to this Court under 28 U.S.C. § 1441(b). (ECF #1 at PageID 1, 8). Jurisdiction is proper here under 28 U.S.C. § 1332, and the parties have consented to my exercising jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF #9).

Waffle House seeks summary judgment in its favor, asserting the condition that allegedly caused Ms. Hooks's fall was open and obvious, or, alternatively, that it satisfied any duty of care it may have owed to Ms. Hooks by placing a yellow caution cone at the door of the restroom. (ECF

1

#20 at PageID 83). I agree the complained-of condition was open and obvious, and known. Therefore, for the reasons set forth below, I **GRANT** Waffle House's summary judgment motion and order this case **DISMISSED with prejudice**.

BACKGROUND

Ms. Hooks testified at her deposition that she often frequented the Waffle House restaurant located on Central Avenue in Toledo, Ohio because it is only a few minutes away from her home. (ECF #33 at 12:8-10). On April 25, 2021, she entered the Waffle House early in the morning to place a to-go order. (*Id.* at 14:2-8). When Ms. Hooks and her husband arrived, they both went to the restrooms. (*Id.* at 14:6-20). The restroom Ms. Hooks entered was dirty and she asked for it to be cleaned. (*Id.* at 15:12-13, 17:1-3).

A Waffle House employee responded and cleaned the restroom for Ms. Hooks while she waited for her takeout order. (*Id.* at 17:3-19, 21-22). When the Waffle House employee went in to clean the restroom, Ms. Hooks noticed the employee carried in a spray bottle and a cleaning rag with her. (*Id.* at 18:1-2). Ms. Hooks's understanding was that the employee was going into the restroom to clean it. (*Id.* at 18:23-25).

When the employee cleaned the bathroom, she placed a cautionary wet floor sign down at the door to the restroom – it was not placed inside the restroom. (*Id.* at 18:5-13). The employee also used multiple cleaning agents to get the job done, including Dawn dish soap, bleach, and a disinfectant spray. (ECF #31 at 46:13-21). When Ms. Hooks entered the restroom, she slipped and fell on the wet floor. (*Id.* at 40:7-10). The Waffle House employee notified Ms. Hooks's husband, who was waiting in the car, and EMS was called to the scene. (*Id.* at 41:25-43:1).

2

LAW AND ANALYSIS

## I.     Standard for Granting Summary Judgment

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that can affect the outcome of the case, and a dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Notably, the moving party carries the burden of showing there is no genuine issue of material fact, but the nonmoving party is not relieved of its burden of producing evidence that would support a jury verdict. *Id.* at 256. Likewise, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of the pleading but must set forth specific facts showing that there is a genuine issue for trial." *Id.*; *see also* Fed. R. Civ. P. (56)(e).

To survive a properly supported motion for summary judgment, a nonmovant must present affirmative evidence from which a jury might return a verdict in its favor. *Anderson*, 477 U.S. at 257. If so, there is a genuine issue of material fact that requires a trial. *Id.* At this juncture, I must decide whether the evidence presents a sufficient disagreement that requires a trial or whether it is so one-sided that one party must prevail as a matter of law. *Massey v. Exxon Corp.*, 942 F.2d 340, 342 (6th Cir. 1991).

## II.     Choice of Law

When exercising diversity jurisdiction, a federal court applies the choice of law rules in which it sits. *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013). Ohio has adopted the approach that the law of the place of injury controls. *Queen v. Hunter's Mfg. Co., Inc.*,

3

No. 5:16-CV-2262, 2018 WL 6840872, *4 (N.D. Ohio Dec. 31, 2018). When a federal court interprets state law, the substantive law where the district court sits is applied. *Erie R.R. v. Tompkins*, 304 U.S. 74, 78 (1938); *see also Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428, 433 (6th Cir. 2004). Given these principles, and because Ms. Hooks sustained injuries in Ohio, Ohio substantive law applies to this case. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011).

III. **Because the complained-of condition in the restroom was open and obvious, and known to Ms. Hooks, Waffle House is entitled to summary judgment in its favor.**

Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability. *Gladon v. Greater Cleveland Reg'l Transit Auth.*, 662 N.E.2d 287, 291 (Ohio 1996). Accordingly, the status of a person who enters another's land defines the scope of any duty owed to that person. *Id.* For example, a business invitee is a person who enters another's land by invitation for a purpose that is for the benefit of the owner. *Id.* Therefore, a shopkeeper owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not "unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharm., Inc.*, 480 N.E.2d 474, 475 (Ohio 1985). In this case, the parties do not dispute that Ms. Hooks was a business invitee when she entered Waffle House to place a to-go order. Thus, Waffle House was obligated to by an ordinary standard of care to protect her from unnecessary and unreasonable exposure to dangers would apply absent other circumstances.

Ohio law also recognizes that shopkeepers are *not* insurers of all forms of accidents that may arise on their premises. *Id.* Instead, when a condition on a shopkeeper's premises is open and obvious, the owner owes no duty to warn individuals lawfully on the premises. *Armstrong v. Best Buy Co., Inc.*, 788 N.E.2d 1088, 1091 (Ohio 2003). It is a condition that itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff – thus, when

4

there is no duty, there is no liability. *Id.* For a condition to be open and obvious, the hazard cannot be hidden or concealed and must be discoverable by ordinary inspection. *Reeves v. St. Leonard*, No. 27494, 2017 WL 3833494, at *3 (Ohio Ct. App. Sept. 1, 2017); *see also Larrick v. J.B.T., Ltd.*, No. 21692, 2007 WL 949494, *2 (Ohio Ct. App. Mar. 30, 2007). Whether the condition is open and obvious turns on whether it is capable of being observed. *Larrick*, 2007 WL 949494 at *2.

The material facts at this stage are one-sided in favor of Waffle House. Here, not only was the condition in the restroom capable of being observed, but Ms. Hooks also specifically knew of it. The record evidence demonstrates that Ms. Hooks: (1) asked for the restroom to be cleaned; (2) observed the Waffle House employee begin to clean the restroom; (3) could observe the wet floor while waiting for the bathroom to be cleaned; and (4) observed a caution sign. (ECF #33 at 17:1-3, 18:1-2, 18:5-13, 20:19-23; ECF #20 at PageID 84, Defendants' Exhibit A). Given these facts, it is clear that had Ms. Hooks exercised ordinary care, she would have been able to guard herself against the hazardous condition. *See Kidder v. Kroger Co.*, No. 20405, 2004 WL 1802050, at *2 (Ohio Ct. App. Aug. 13, 2004) (stating that there is not duty to protect a business invitee when a danger is known to the business invitee or so obvious and apparent to such invitee that she may reasonably be expected to discover it and protect herself from it). The evidence also proves Ms. Hooks explicitly knew of the condition in the restroom – after all, she asked for the restroom to be cleaned. Business owners do not have a duty to protect invitees from conditions that are known to invitees. *Id.*; *see also Paschal*, 480 N.E.2d at 475 (articulating that shopkeepers are under no duty to protect business invitees from dangers known to such invitee).

Ms. Hooks has not presented contrary other evidence showing this condition was not readily observable or that she did not know of the condition. Instead, she argues the condition in

the restroom was not open and obvious because the substance was an "unsanctioned combination of chemicals and agents." (ECF #27 at PageID 127). But Ms. Hooks offers no case law supporting the apparently novel argument that an invitee must be able discover and appreciate the composition of a potentially hazardous condition for the condition to be open and obvious, and I cannot find any either. Therefore, Ms. Hooks's argument is unpersuasive.

In viewing the materials provided by the parties, I find that as a matter of law, the condition in question was readily observable by Ms. Hooks and therefore open and obvious. I also find that Ms. Hooks knew of the condition. As a result, Waffle House owed no duty to Ms. Hooks and cannot be held liable. *See Armstrong*, 788 N.E.2d at 1091. Accordingly, I conclude Ms. Hooks as failed to demonstrate a genuine issue of material fact sufficient to defeat Defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, I conclude there is no genuine issue of material fact relating to the open and obvious nature of the complained-of condition. Further, Ms. Hooks knew of that condition. Because Waffle House therefore owed her no duty, I **GRANT** Waffle House's Motion for Summary Judgment (ECF #20) and **DISMISS** this case with prejudice.

**IT IS SO ORDERED.**

Dated: April 5, 2024

_____

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

6